UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60737-COHN/SELTZER

TERRY FIGEL, a natural person,
on behalf of himself; and
SPENCER FIGEL, a natural person,
on behalf of himself and all other
unborn heirs of Gloria Figel,

      Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,
a South Dakota chartered bank,
JENNIFER KING, a natural person,
LINDA SIMS, a natural person,
DAVID M. CARROLL, a natural
person, and DOES 1-10,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion

to Dismiss Complaint [DE 15] ("Motion to Dismiss").  The Court has carefully reviewed

the Motion to Dismiss, Plaintiff's Response to Motion to Dismiss [DE 21] ("Response"),

Wells Fargo Bank, N.A.'s Reply [DE 22], and is otherwise advised in the premises.

### I. BACKGROUND

This matter involves a trust settled by Gloria Figel ("the Figel Trust").  Initially,

Lincoln National Bank and Trust Company ("Lincoln") was the Trustee for the Figel

Trust.  In 1994, Norwest Investment Management and Trust ("Norwest") acquired

Lincoln.  Thereafter, in 1998, Wells Fargo and Company ("Wells Fargo") merged with

Norwest.  Consequently, Wells Fargo became the Trustee of the Figel Trust.

The Complaint alleges that since Wells Fargo became the Trustee of the Figel Trust, the Figel Trust has provided less income to Plaintiff Terry Figel and has lost principal to benefit Plaintiff Spencer Figel (collectively "Plaintiffs").  Plaintiffs assert that as of December 31, 1998, the Figel Trust corpus had a market value of $10,882,968.85 and generated an annual income of approximately 9% per year.  Complaint ¶ 30. Plaintiffs further allege that since Wells Fargo began serving as Trustee of the Figel Trust, the Figel Trust has provided less income to Terry Figel and has lost principal for Spencer Figel.  Id. ¶¶ 28, 31.  According to Plaintiffs allegations, Wells Fargo has created a shortfall of approximately $250,000 per year and compensated for such shortfall by distributing the corpus of the Figel Trust.  Id. ¶ 36.

Plaintiffs, therefore, have filed five claims against Wells Fargo: (1) Breach of Fiduciary Duty ("Count I); (2) Negligence ("Count II); (3) Negligent Employment ("Count III"); (4) Negligent Retention ("Count IV"); and (5) Injunctive Relief ("Count V"). Defendant Wells Fargo ("Defendant") has moved to dismiss all five counts.  Defendant contends that (1) the statute of limitations bars Counts I-IV, (2) the Plaintiffs have failed to state a cause of action for negligent employment or negligent retention, and (3) the Plaintiffs have failed to establish the burden of persuasion necessary for injunctive relief.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to

raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## B. Statute of Limitations

According to Defendant, Plaintiffs' claims for breach of fiduciary duty, negligence, negligent employment, and negligent retention are governed by a four-year statute of limitations.  See Motion to Dismiss at 2-3 (citing §§ 95.11(3)(a), (o), Florida Statutes).  Defendant maintains that "pursuant to the allegations set forth in their Complaint, Plaintiffs were aware as of 1990, or shortly thereafter, that they may have had a claim against Wells Fargo for the purported mismanagement of the Figel Trust."[1] Id. at 3.  Because Plaintiffs did not file their Complaint until 2010, Defendant argues that Counts I-IV are barred by the statute of limitations.  Dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claims are time-barred.  See LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845

---

[1]   Defendant contends that Plaintiffs knew they may have had causes of action in 1990 because that was the year Terry Figel's son, Spencer Figel, was born.

(11th Cir. 2004).

Plaintiffs submit that the continuing tort doctrine and the equitable tolling doctrine undermine Defendants statute of limitations argument.  Under the continuing tort doctrine, the statute of limitations runs from the date tortious conduct ceases.  See Laney v. Am. Equity Inv. Life Ins. Co., 243 F. Supp. 2d 1347, 1357 (M.D. Fla. 2003); see also Seaborad Air Line R. Co. v. Holt, 92 So. 2d 169 (Fla. 1957).  Here, the Complaint does not reflect that the allegedly tortious conduct has ceased.

Defendant argues that the continuing tort doctrine does not apply to Plaintiffs' claims, but Defendant fails to cite any authority to support its argument.  When viewed in the light most favorable to Plaintiffs, the Complaint alleges that Defendant's conduct has continued to the present day.  Because the allegedly tortious conduct has not yet ceased, the statute of limitations has not yet run.[2]  The Court, therefore, rejects Defendant's statute of limitations argument.

## C. Failure to State a Claim

Defendant contends that Plaintiffs have failed to state a cause of action for

---

[2]      Defendant, for the first time in its reply, references § 736.1008, Florida Statutes.  Defendant does not explain the significance of the statute.  Notwithstanding, § 736.1008, Florida Statutes provides in relevant part as follows:

> [A] beneficiary is barred from bringing an action against a trustee for breach of trust with respect to a matter that was adequately disclosed in a trust disclosure document unless a proceeding to assert the claim is commenced within 6 months after receipt from the trustee of the trust disclosure document or a limitation notice that applies to that disclosure document, whichever is received later.

§ 736.1008(2), Florida Statutes.
      Here, Plaintiffs have not labeled their claims as "breach of trust."  Thus, the relevance of the statute to the Complaint is questionable.  Furthermore, to the extent the statute has some relevance to Plaintiffs' claims, Defendant failed to raise this argument in its Motion to Dismiss.  The Court, therefore, deems the argument waived.

negligent employment and negligent retention.  Motion to Dismiss at 3-4.  In their

Response, Plaintiff submit that "to simplify the issues raised by the complaint as the

case moves forward, the plaintiffs will agree to replead those claims."  Response at 6.

Accordingly, the Court will dismiss Counts III and IV and grant Plaintiffs leave to amend

the Complaint.

### D. Injunctive Relief

Count V purports to assert a cause of action for "Injunctive Relief."  Injunctive

relief is a remedy rather than a cause of action.  The Court, therefore, will dismiss

Count V.[3]

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint [DE 15] is

   **GRANTED IN PART AND DENIED IN PART**;

2.      Counts III, IV, and V are **DISMISSED**.

3.      Plaintiff may file an amended complaint no later than Monday, August 23, 2010.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 12th day of August, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

---

[3]      In its Motion to Dismiss, Defendant applies the preliminary injunction standard to Count V and argues that Plaintiffs have not met their pleading burden to obtain a preliminary injunction.  Plaintiffs, however, have not moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' Response does not contest Defendant's Motion to Dismiss Count V.