UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-60737-COHN/SELTZER

TERRY FIGEL, a natural person,
on behalf of himself; and
SPENCER FIGEL, a natural person,
on behalf of himself and all other
unborn heirs of Gloria Figel,

      Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,
a South Dakota chartered bank,
JENNIFER KING, a natural person,
LINDA SIMS, a natural
person, DAVID M. CARROLL, a natural
person, and DOES 1-10,

      Defendants.
_____/

**ORDER GRANTING DEFENDANTS KING AND SIMS' MOTION TO DISMISS
AMENDED COMPLAINT**

**THIS CAUSE** is before the Court on Defendants Jennifer King and Linda Sims'

Motion to Dismiss Amended Complaint [DE 27] ("Motion to Dismiss").  The Court has

carefully reviewed the Motion to Dismiss, Plaintiff's Response to the Motion to Dismiss

Filed by the Defendants, King and Sims [DE 29] ("Response"), Defendants Jennifer

King and Linda Sima' Reply [DE 35], and is otherwise advised in the premises.

I. BACKGROUND

This matter involves a trust settled by Gloria Figel ("the Figel Trust").  Initially,

Lincoln National Bank and Trust Company ("Lincoln") was the Trustee for the Figel

Trust.  In 1994, Norwest Investment Management and Trust ("Norwest") acquired

Lincoln.  Thereafter, in 1998, Wells Fargo and Company ("Wells Fargo") merged with Norwest.  Consequently, Wells Fargo became the Trustee of the Figel Trust.

The Complaint alleged that since Wells Fargo became the Trustee of the Figel Trust, the Figel Trust has provided less income to Plaintiff Terry Figel and has lost principal to benefit Plaintiff Spencer Figel (collectively "Plaintiffs").  Complaint ¶ 30. According to Plaintiffs' allegations, Wells Fargo has created a shortfall of approximately $250,000 per year and compensated for such shortfall by distributing the corpus of the Figel Trust.  Id. ¶ 36.  Plaintiffs, therefore, filed five claims against Wells Fargo: (1) Breach of Fiduciary Duty; (2) Negligence; (3) Negligent Employment; (4) Negligent Retention; and (5) Injunctive Relief.  Defendant Wells Fargo moved to dismiss all five counts.  Wells Fargo contended that (1) the statute of limitations barred the first four claims, (2) the Plaintiffs failed to state a cause of action for negligent employment or negligent retention, and (3) the Plaintiffs failed to establish the burden of persuasion necessary for injunctive relief.

On August 12, 2010, the Court entered its Order Granting in Part and Denying in Part the Motion to Dismiss.  See DE 23 ("Order").  In the Order, the Court dismissed the Negligent Employment and Negligent Retention claims because Plaintiffs had submitted that "to simplify the issues raised by the complaint as the case moves forward, the plaintiffs will agree to replead those claims."  DE 21 at 6.  The Court also dismissed the claim for injunctive relief for failure to state a claim.  See Order at 5.

Subsequent to the entry of the Order, Plaintiffs filed their Amended Complaint [DE 24].  In the Amended Complaint, Plaintiffs assert four claims: (1) Breach of Fiduciary Duty ("Count I"); (2) Negligence ("Count II"); (3) Negligent Employment ("Count III"); and (4) Negligent Retention ("Count IV").  See generally Amended

Complaint.  In response, Wells Fargo filed its Motion to Dismiss Amended Complaint on October 9, 2010.  See DE 25 ("Second Motion to Dismiss").

The Second Motion to Dismiss sought dismissal of Counts II, III, and IV.  See Second Motion to Dismiss at 3.  Wells Fargo contended that Count II failed to state a cause of action because the Amended Complaint includes no allegation of actual negligence.  Id.  Wells Fargo further contended that Counts III and IV must be dismissed because Plaintiffs failed to state a cause of action for negligent employment and negligent retention.  Id.

On November 1, 2010, the Court entered its Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint.  See DE 38 ("Second Order").  In the Second Order, the Court found that Plaintiffs had stated a claim for negligence against Wells Fargo, but had failed to state a claim for negligent employment or negligent retention.  See id.  The Court granted Plaintiffs leave to replead those claims.

Shortly after Wells Fargo filed the Second Motion to Dismiss, Defendants Jennifer King ("King") and Linda Sims ("Sims") filed their own Motion to Dismiss.  See DE 27.  In their Motion to Dismiss, King and Sims argue that the Amended Complaint "does not include any details that would support a claim directed to either King or Sims." Motion to Dismiss at 2.  Likewise, they maintain that the Amended Complaint contains "no separate facts or details that would support a claim directed to King and Sims."  Id. at 3.  Furthermore, King and Sims point out that "Plaintiffs' claims for negligent retention, of which King and Sims are likely the subject matter, are also inexplicably directed to King and Sims."  Id.  King and Sims therefore submit that they "cannot be liable for negligently employing or negligently retaining themselves or each other."  Id.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B. The Amended Complaint Fails to State a Claim Against King or Sims

The Amended Complaint contains scant reference to King or Sims.  Paragraphs five and six assert that King and Sims are natural persons who are not residents or citizens of Florida.  Amended Complaint ¶¶ 5-6.  Paragraphs eleven and twelve allege that King and Sims are subject to personal jurisdiction in Florida because they were the "relationship managers" of the Figel Trust.  Id. ¶¶ 11-12.  The Amended Complaint does not define relationship manager, nor does the Amended Complaint allege that King or

4

Sims managed the corpus of the Figel Trust. Indeed, the factual allegations in the Amended Complaint make no reference to either King or Sims and the Amended Complaint attributes no acts or omissions to King or Sims whatsoever. <u>See generally id.</u>

In response to the Motion to Dismiss, Plaintiffs assert the following: "That the plaintiffs direct the allegations against all three defendants, instead of apportioning them among the defendants, is not a justifiable basis for dismissing the alleged common law claims." DE 29 at 1. Plaintiffs are mistaken. Plaintiffs cannot recite the elements of a cause of action generally against "defendants" without attributing some behavior to those defendants and survive a motion to dismiss. Plaintiffs cite no authority that supports their position.

Notwithstanding, in their response, Plaintiffs contend that they have "set forth in detail the manner in which they claim the defendants mismanaged the trust funds." <u>Id.</u> at 4 (citing Amended Complaint ¶¶ 26-34). Plaintiffs mischaracterize the allegations in their Amended Complaint. Paragraphs 26-34 do not attribute any acts or omissions to King or Sims. Those paragraphs do not even attribute behavior to "defendants." Rather, the Amended Complaint alleges that "*Wells Fargo's* asset management and asset protection resulted in a loss," that "[o]ne of the most conservative investments in which *Well Fargo* [sic] could have invested the trust funds was treasury bonds[,]" and that "*Wells Fargo* could have also invested the trust funds into securities indexed to the Standard and Poor's 500." Amended Complaint ¶¶ 30, 32-33 (emphasis added). The Amended Complaint, therefore, fails to state a claim against either King or Sims because there is not sufficient factual matter alleged against King or Sims to state a claim that is plausible on its face. <u>Cf.</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949.

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendants Jennifer King and Linda Sims' Motion to Dismiss Amended

Complaint [DE 27] is **GRANTED**;

2.    The Amended Complaint against King and Sims is **DISMISSED WITHOUT**

**PREJUDICE**.

3.    Plaintiff may file a second amended complaint no later than Friday, November

19, 2010.[1]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 12th day of November, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

_____

[1]        The Court, in its Order Granting in Part and Denying in Part Motion to Dismiss Amended Complaint [DE 38], ordered that "Plaintiff may file a second amended complaint no later than Monday, November 15, 2010."  In light of the instant ruling, the November 15, 2010 deadline is extended until Friday, November 19, 2010.