UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60737-COHN/SELTZER

TERRY FIGEL, a natural person,
on behalf of himself; and
SPENCER FIGEL, a natural person,
on behalf of himself and all other
unborn heirs of Gloria Figel,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A.,
a South Dakota chartered bank.

    Defendant.
_____/

## ORDER PROVIDING PARTIES NOTICE AND TIME TO RESPOND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f)

**THIS CAUSE** is before the Court *sua sponte*.

### I. BACKGROUND

This matter involves a trust settled by Gloria Figel ("the Figel Trust"). Gloria Figel set up the Figel Trust to benefit, among others, Plaintiff Terry Figel ("Terry") and Terry's son, Plaintiff Spencer Figel ("Spencer") (collectively, "Plaintiffs"). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the trustee of the Figel Trust. The Figel Trust provides the trustee with the following investment authority:

> [The Trustee] shall have full power to retain, sell, lease, mortgage, exchange or otherwise dispose of any or all of the trust property and to invest and reinvest the same in such loans, stocks, bonds, mortgages, securities, real estate and other investments as it may deem proper and suitable without being restricted or in any way controlled by statute or rule of law of any state dealing with class or type of investments a Trustee may or may not make.

DE 79-1 at 5. The Figel Trust further provided as follows: "the Trustee shall have as

wide a latitude in the selection and making of investments and in the disposition or sale of same and in managing the trust property as [Gloria Figel] would have, if living . . . ." Id.  Wells Fargo therefore had broad discretion to make investments in "stocks, bonds, mortgages, securities, real estate and other investments as it may deem proper and suitable."  See id.  The Figel Trust also established that

> in the event that any of my children or child of a deceased child of mine shall need money for his or her maintenance, education, welfare or support in addition to the amounts then being distributed to him or her thereunder, then I specifically authorize my Trustee, in its discretion, to provide such child with such additional sums out of his or her share only of said trust, as said Trustee in its sole discretion may deem reasonable for the aforesaid purposes.

Id.

Record evidence demonstrates that Terry made requests to obtain disbursements of trust corpus so that he could maintain a certain lifestyle despite the fact that he has never had a job.  Pursuant to the terms of the Figel Trust, Wells Fargo granted those requests.  Furthermore, Terry concedes that Wells Fargo also sent him detailed quarterly account statements that set forth the state of the trust, including the types of investments made by the Figel Trust and any cash disbursements made by the trust.

Nonetheless, Plaintiffs allege that Wells Fargo, in its management of the Figel Trust, has been negligent and has breached a fiduciary duty that it owed to Plaintiffs. Essentially, Plaintiffs claim that Wells Fargo could have earned a higher rate of return on the Figel Trust if it had invested the Figel Trust differently.  Plaintiffs offer no other grounds for their claims.

On January 10, 2011, Wells Fargo filed a Motion for Summary Judgment [DE 78].  Wells Fargo argues that the Court should grant summary judgment in its favor on

Plaintiffs' claims for several reasons: (1) the applicable statute of limitations bars the claims; (2) Plaintiffs consented to or ratified the transactions at issue; (3) Wells Fargo reasonably relied on the trust document; and (4) the economic loss rule bars Plaintiffs' claims.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may . . . (2) grant [a motion for summary judgment] on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f).

### B. Breach

The Florida Probate Code provides that "a violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." Fla. Stat. § 736.1001(1). Defendant therefore contends that Plaintiffs' claims for breach of fiduciary duty and negligence are actually claims for breach of trust. The Court agrees.

Although Defendant has not moved for summary judgment predicated on Plaintiffs' failure to establish a breach of the Figel Trust, the Court sees no evidence in the record that supports a claim for breach of the Figel Trust. Stated differently, Plaintiffs have not produced any evidence that suggests Defendant did anything in contravention of the Figel Trust or that Wells Fargo was otherwise negligent or breached a fiduciary duty. Wells Fargo's decision to invest funds in stocks and equities rather than bonds, even if true, does not appear to support a claim for breach of trust. Likewise, Florida law provides that a "trustee who acts in reasonable reliance on the

terms of the trust as expressed in the trust instrument is not liable to a beneficiary for a breach of trust to the extent the breach resulted from the reliance." Fla. Stat. § 736.1019.[1]

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the parties may provide briefs on the issue of whether any disputed issues of fact exist regarding whether Defendant breached the Figel Trust no later than Tuesday, March 8, 2011. The parties' briefs shall not exceed ten pages in length and shall otherwise comply with the Local Rules regarding formatting.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of March, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

---

[1] Although Defendant cited this statute in its Motion for Summary Judgment, Defendant offered no proof whatsoever (e.g., an affidavit) to support an affirmative defense predicated on the statute.